UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DON LOMBARDO,<br>    *Plaintiff,*<br><br>v.<br><br>R.L. YOUNG, INC. d/b/a YOUNG & ASSOCIATES,<br>RAYMOND YOUNG, AND LINDA YOUNG,<br>    *Defendants.* | Civil No. 3:18-CV-188 (JBA)<br><br>July 18, 2019 |
| R.L. YOUNG, INC. d/b/a YOUNG & ASSOCIATES,<br>    *Counterclaim Plaintiff,*<br><br>v.<br><br>DON LOMBARDO and DND Construction Services, LLC,<br>    *Counterclaim Defendants.* | |

**RULING ON MOTION TO AMEND ANSWER AND COUNTERCLAIM**

Third-Party Defendant DND Construction Services, LLC moves [Doc. # 72] for leave to amend its answer and affirmative defenses to include a counterclaim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

The proposed counterclaim asserts that "YANV's treatment of its consultants as independent contractors" is "illegal" and has caused DND to have "suffered an ascertainable loss in that YANV's unlawful conduct gives it a competitive advantage in the building damage assessment and restoration estimate fields." ([Doc. # 72-1] ¶¶ 25-26.)

In opposition, Defendant and Counterclaim Plaintiff R.L. Young, Inc. d/b/a/ Young & Associates ("YA") contends that "DND's Motion to Amend should be denied as futile, because

DND lacks the requisite standing to assert the proposed counterclaim and the proposed counterclaim fails to state a claim upon which relief may be granted." ([Doc. # 74] at 2.)

CUPTA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Act further provides that "[a]ny person who suffers any *ascertainable* loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." *Id.* § 42-110g(a) (emphasis added).

"The ascertainable loss requirement [of § 42–110g] is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." *Marinos v. Poirot*, 308 Conn. 706, 713 (2013) (alteration in original) (internal quotation marks and citation omitted). And "for purposes of § 42–110g, an ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established" and "is ascertainable if it is measurable even though the precise amount of the loss is not known." *Id.* at 714 (alteration in original) (internal quotation marks and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

Here, although the proposed counterclaim asserts that YANV's alleged cost-saving misclassification of its employees as independent contractors has caused DND as a competitor to have "suffered an ascertainable loss" by virtue of YANV's resulting competitive advantage, this assertion of "ascertainability" is conclusory and unsupported by specific facts which could plausibly show loss under CUTPA. Accordingly, leave to amend DND's pleadings would be futile and the Motion to Amend is denied. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("leave to amend need not be granted where the proposed amendment would be futile." (citation omitted)).

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of July 2019.