IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
DON LOMBARDO                                           :     3: 18 CV 188 (JBA)
        Plaintiff,                                     :
v.                                                     :
                                                       :
R.L. YOUNG, INC.                                       :
d/b/a YOUNG & ASSOCIATES                               :
        Defendants.                                    :
-------------------------------------------------------:
                                                       :
R.L. YOUNG, INC.                                       :
d/b/a YOUNG & ASSOCIATES                               :
        Counterclaim Plaintiff,                        :     DATE: SEPT. 6, 2019
                                                       :
v.                                                     :
                                                       :
DON LOMBARDO AND                                       :
DND CONSTRUCTION SERVICES, LLC                         :
        Counterclaim Defendants.                       :
-------------------------------------------------------x
```

RULING ON PLAINTIFF DON LOMBARDO'S AND COUNTERCLAIM DEFENDANT
DND CONSTRUCTION SERVICES, LLC'S MOTION TO COMPEL (Doc. No. 82)

I.  BACKGROUND

The plaintiff, Don Lombardo ("Lombardo"), initiated this case on February 1, 2018 to recover sums due from his business relationship with defendant R.L. Young, Inc. d/b/a Young & Associates ("YA"). Lombardo alleges that his business relationship was with YA, incorporated in Nevada ("YANV"). (Doc. No. 1). YANV is a building consulting company providing, among other things, building damage assessments and restoration estimates for various customers,

1

including insurance companies. YANV's predecessor is a California corporation, R. L. Young, Inc. d/b/a Young & Associates ("YACA").[1]

On April 19, 2018, Lombardo filed a Second Amended Complaint in which he asserts the following causes of action: 1) declaratory judgment as to the successor liability of YANV for YACA's debts to Lombardo; 2) estoppel as to YANV's joint venturer status; 3) breach of a joint venture agreement; 4) alternative claim for breach of a partnership agreement; 5) alternative claim for breach of an independent contractor agreement; 6) unjust enrichment; 7) an accounting; and 8) enforcement of a settlement agreement. (Doc. No. 27).

On May 31, 2018, YA filed an Amended Answer, Affirmative Defenses and Amended Counterclaims ("Amended Counterclaims") against Lombardo and third-party defendant DND Construction Services, LLC ("DND"). (Doc. No. 39). YA's Amended Counterclaims consist of four tortious interference claims against Lombardo and DND. (Doc. No. 39 at 12-17). It claims that Lombardo and DND knowingly and wrongfully interfered with YA's business by inducing its former consultants to breach their respective consulting agreements with YA, soliciting YA's customers and potential referrals, using YA's confidential information, and misusing YA's confidential and proprietary information. (*Id.*).

On June 20, 2018, Lombardo and DND filed their Amended Counterclaims, and asserted nine special defenses. (Doc. No. 43). The First Affirmative Defense is based on the alleged illegality of YA's business model. The claim is that YA's so-called independent consultant

---

[1] In its previous ruling, this Court has referred to defendant R.L. Young, Inc. d/b/a Young & Associates as "YA". (*See* Doc. No. 76). The Court appreciates the defendant's objection to Lomabardo and DND's distinction between YANV and YACA in Lombardo and DND's filings related to this pending motion and their discovery requests. Defendant prefers instead to use the YA acronym for both YANV and YACA because YA is the sole defendant in this case. (Doc. No. 82, App'x at 4). Because there are some documents at issue that distinguish between YANV and YACA, the Court, for the purposes of this discovery ruling, will use these two acronyms to distinguish the Nevada corporation from the predecessor California corporation, and will use the acronym YA when referring to both entities and to YA's responses to the requests.

agreements are illegal and unenforceable because they are an attempt by YA to evade the true employee status of its consultants, enabling YA to ignore payroll tax liabilities, unemployment compensation and numerous government laws and regulations affecting employees. (Doc. No. 43 at 5-6). Lombardo and DND allege further that YA's sham business model includes the use of the children of Ray and Linda Young, the persons who control YA, as purported independent contractors in administrative roles. (*Id.*).

II. <u>PENDING MOTION</u>

There are two sets of discovery at issue in this underlying motion. On January 24, 2019, Lombardo served YANV with Interrogatories and Requests for Production Regarding Plaintiff's Claims Directed to Defendant R.L. Young, Inc. d/b/a Young & Associates ("Plaintiff's Discovery"), and on the same day, Lombardo and DND served YANV with their Interrogatories and Requests for Production Regarding Counterclaims and Third Party Claims Directed to Defendant R.L. Young, Inc. d/b/a Young & Associates (the "Counterclaim Discovery"). YANV filed its objections and responses to both sets of discovery on February 26, 2019. (*See* Doc. No. 82, App'x A-B). After several discovery conferences and related communications between the parties, YANV filed its supplemental responses. (*See* Doc. No. 82, Ex. 1). On July 22, 2019, Lombardo and DND filed the pending Motion to Compel regarding the sufficiency of YANV's compliance. (Doc. No. 82). Specifically, Lombardo and DND request that this Court overrule YANV's general objections B-E and H-J to both sets of discovery and its objections to Production Requests Nos. 1, 2, 9-12 and 21-23 of the Plaintiff's Discovery, and Interrogatories Nos. 4-9 and 11-16 and Production Requests Nos. 2-8, 12 and 19 of the Counterclaim Discovery. (Doc. No. 82 at 9). On August 12, 2019, the defendant filed its brief in opposition (Doc. No. 83), and on August 20, 2019, Lombardo and DND filed their reply brief. (Doc. No. 86).

A. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The Advisory Committee's Notes to the 2015 amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

FED. R. CIV. P. 26 Advisory Committee's Note to 2015 amendment.

"[T]o fall within the scope of permissible discovery, information must be 'relevant to any party's claim or defense.' In order to be 'relevant' for Civil Rule 26 discovery purposes, information and evidentiary material must be 'relevant' as defined in Rule of Evidence 401." *Bagley v. Yale Univ.,* No. 13 CV 1890 (CSH), 2015 WL 8750901, at *8 (D. Conn. Dec. 14, 2015); *see* FED. R. CIV. P. 26(b)(1), Advisory Committee Notes to the 2015 amendments. "Discovery, however, 'is concerned with 'relevant information'—not 'relevant evidence'—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance.'" *A.M. v. Am. Sch. for the Deaf*, No. 3:13 CV 1337 (WWE), 2016 WL 1117363, at *2 (D. Conn. Mar. 22, 2016) (quoting Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 26, V. Depositions and Discovery (February 2016 Update)) (footnotes omitted). Moreover,

"[t]he Court 'must limit' discovery otherwise allowed if the discovery sought is 'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]'" *Family Wireless #1, LLC v. Auto. Techs., Inc.*, No. 3:15 CV 01310 (JCH), 2016 WL 3911870, at *2 (D. Conn. July 15, 2016) (quoting FED. R. CIV. P. 26(b)(2)(C)(i)).

B. GENERAL OBJECTIONS

As an initial matter, Lombardo takes issue with the general objections B-E and H-J YANV asserted to all interrogatories and production requests. (Doc. No. 82, App'x A at 2-4 & App'x B at 2-5). Pursuant to Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." The 2015 Advisory Committee Notes to Rule 34 emphasize that the Rule was amended "to require that objections to Rule 34 requests be stated with specificity." YA argues that it complied with Lombardo's discovery requests, notwithstanding its objections, and it "made clear that it was not withholding any documents or information on the basis of general objections." (Doc. No. 83).

After the December 1, 2015 amendments to the Rules, "[g]eneral objections should be rarely used" unless "each such objection applies to each document request . . . ." *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Thus, while YA did not withhold any documents on the basis of these general objections, YA is reminded that courts within the Second Circuit have held that such general objections should not be asserted unless they apply to each document request. *See id.*; *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 13-CV-2581 (PKC) (JLC), 2019 EL 2224503, at *11 (S.D.N.Y. July 25, 2019) (requiring the defendant to withdraw their general objections and not include general objections in their revised responses unless they truly apply to each request); *Futreal v. Ringle,* No. 7:18 CV

5

00029-FL, 2019 WL 137587, at *4 (E.D.N.Y. Jan. 8, 2019) ("The relevant language in *Fischer* does not approve the use of general objections in every instance, or even in every instance when a party believes privileged materials are at issue. Instead, the court in *Fischer* contended that general objections are appropriate if the objection applies to every response to every document request."); *CapRate Events, LLC v. Knobloch*, 17-CV-5907 (NGG) (SJB), 2018 WL 4378167, at *1 (E.D.N.Y. Apr. 18, 2018) (holding that "[t]he 2015 Amendments to the Federal Rules no longer permits global, generalized objections to each request".).

  C. APPENDIX A – LOMBARDO'S DISCOVERY: YANV'S OBJECTIONS AND RESPONSES TO DISCOVERY ON LOMBARDO'S CLAIMS

In its Requests for Production, Lombardo seeks the following:

> 1. Copies of any documents relating to how YANV and/or YACA established or utilized a rate of $5.00 per billable hour for overhead charges deducted from sums payable or allocated to Lombardo and/or any other Regional Partner, Individual Partner or Consultant
>
> 2. Copies of any documents relating to how YANV and/or YACA established or utilized a rate of $8.00 per hour for its Technical Development Team charges deducted or allocated to Lombardo and/or any other Regional Partner, Individual Partner or Consultant.

In response to Requests Nos. 1 and 2, YA argues that it has provided the one responsive email it has it its possession and provided an explanation in response to interrogatories requesting the same. (Doc. No. 83 at 6). Moreover, YA explains that the billable hour rate was explained by Eric Emme, YA's chief financial officer, at his deposition. (*Id.*). Additionally, YA produced a report it believed responsive to this request: the OH Rate Assessment report for the First Quarter of 2014. (*See* Doc. No. 82, App'x A, Ex. 1).

Lombardo argues that the information provided is not complete as Emme testified that the rate that would be charged for overhead charges would be derived from estimated budgets which he reconciled with actual budgets, but, "[w]ith possible limited exceptions, these estimates and

6

budgets have not been produced[,]" nor have actual overhead expenses which "presumably . . . would have had to [be] examine[d]" in order to calculate a "billable hour overhead charge rate." (Doc. No. 86 at 1). In light of the production made by YA, Lombardo proposed to limit the scope to the production of YA's quarterly "OH Rate Assessment" reports from the First Quarter of 2014 through the Second Quarter of 2017 and its April 2017 Monthly Rate Assessment Report for April 2017. (Doc. No. 82, App'x A at 5). YA, however, informed Lombardo that additional OH Assessment Reports and summary of overhead cost reports do not exist. To the extent YA has documents setting forth its overhead for 2015 and the first half of 2016, as requested by Lombardo (*see* Doc. No. 82, App'x A at 5), such documents shall be produced <u>on or before September 20, 2019</u>. If YA does not have additional OH Rate Assessment Reports or overhead cost reports, YA shall supplement its response to reflect that no other responsive documents exist.

The next documents at issue relate to the following requests by Lombardo:

> 9. Copies of any and all documents related to fixed annual expenses and estimated budgets or payment toward the annual expenses from Regional Partners for YANV and YACA from January 1, 2012 to May 31, 2017.
>
> 22. Copies of any and all documents reflecting annual sales per region for YANV or YACA including, but not limited to, the Florida Region from January 1, 2012 through present.

YA argues that "[e]very single financial document for five years in connection with every YA regional partner and all sales for every region for seven years is completely disproportional to [the] [p]laintiff's claims and thus, is overly broad." (Doc. No. 83 at 8). The Court agrees that the requests, as worded, seek "any and all documents" related to broad categories for five-year and seven-year periods, respectively. Lombardo contends that it is willing to limit this request, as communicated to YA in the parties' discovery conferences, to quarterly sales reports for YA for all regions from the First Quarter 2014 through the First Quarter 2017 and for the month of April

7

2017, and that YA tentatively agreed to such production but has not done so in its response. To the extent that YA has not already produced documents responsive to the revised, limited request, it shall do so on or before September 20, 2019.

In addition, YA objects to the following requests for production:

> 10. Copies of any and all documents which reflect the calculations of overhead expenses by YANV (with or without including charges for YANV's Technical Development Team) in 2014 at $18.00 an hour.
>
> 11. Copies of any and all documents which reflect the basis of overhead expenses of $13.50 or $13.00 per billable hour that existed prior to YANV's establishment of an $18.00 an hour rate imposed by YANV for its Regional Partners.

YA informs the Court that, during the discovery conferences that followed these requests and YA's responses, Lombardo's counsel explained that he was most concerned with the overhead amounts as they related to the plaintiff. (Doc. No. 83 at 9). In response, YA generated an eighty-page report documenting the invoices that the plaintiff was involved in while at YA, including the dates, the invoice numbers, the type of overhead, and the amount of overhead taken out of the invoice. (Doc. No. 83 at 9 & Doc. 84, ¶¶ 15-16). Despite this production by YA, Lombardo contends that its "ability to use this lengthy document is limited in that the invoices and deductions are not totaled by period (monthly, quarterly, or annually)." (Doc. No. 86 at 3). The Court concludes that YA has adequately responded to these requests through its production of responsive documents as well as its generation of this eighty-page report specifically for the plaintiff. (Doc. No. 83 at 9).

Lombardo also requested,

> 12. Copies of any and all documents related to Regional Partner's contributions to YANV's national overhead expenses not previously provided to include, but not limited to, the nature and extent any calculations attributed or relating to any Individual Partners.

8

Similar to its response to Requests Nos. 10 and 11, YA argues that it created a report specifically for the plaintiff's benefit that sets forth every single invoice number created on a YA job from April 1, 2013 to January 1, 2018, each invoice's total, the respective job's costs, and the amount of overhead taken out of the invoice in connection with the specific job that the invoice documented. (Doc. No. 83 at 10). Lombardo contends that he needs to know what contributions to overhead were made by the defendant's other Regional Partners to determine whether they were charged the same rate as he was, what the total overhead receipts by the defendant were, and how they relate to the purported actual overhead charges. (Doc. No. 86 at 4). Thus, Lombardo argues that the report produced is of "very limited use." (*Id.*). To the extent that YA's response omits any reference to the Regional Partner's contributions, YA shall supplement its response <u>on or before September 20, 2019</u>.

In Request 21, Lombardo sought "[a]ny and all documents constituting assignment sheets of jobs for customers, and any documents with job numbers, from YANV or YACA to Consultants from January 1, 2012 to February 28, 2017." YA explains that it does not have the assignment sheets or a document similar to what Lombardo requests. (Doc. No. 83 at 11). YA states that "[t]ypically, jobs were assigned via email to a YA consultant[,]" and that it is willing to amend its discovery responses in order to clarify its response. (*Id.*). Lombardo argues that the defendant "should be able to simply provide . . . six examples of such email assignments which the plaintiff indicated he was willing to accept as a response to the request." (Doc. No. 86 at 4). <u>On or before September 20, 2019</u>, YA shall amend its discovery response to clarify its response, and the parties shall confer to attempt to resolve this dispute over whether copies of any email assignments involving the plaintiff will be produced.

The last objection relates to Lombardo's request for the following:

9

> 23. All documents relating to any purported independent contractor or consultant work done by any of the children of Raymond and Linda Young for YANV from the period February 7, 2013, 2013 through April 30, 2017 to include any bills, invoices, timekeeping or billing records kept by said children relating to any compensation they were paid for services performed for YANV.

YA argues that it provided "all 1099 report information for each individual" in this request "as well as all records of compensation for such individual[.]" (Doc. No. 83 at 11). Specifically, YA produced "certain worker's compensation insurance policies and audit paperwork." (Doc. No. 82, App'x A at 12). Although Lombardo requests more documents relating to compensation, YA has responded that it provided all the records it has for these individuals. (Doc. No. 86 at 4-5). The Court concludes that, to date, YA's response is complete. YA is obligated to supplement its responses should it uncover additional responsive documents.

    D.    APPENDIX B – COUNTERCLAIM DISCOVERY: YANV'S OBJECTIONS AND RESPONSES TO DISCOVERY ON LOMBARDO AND DND'S COUNTERCLAIM DISCOVERY

In their Requests for Production related to the counterclaims, Lombardo and DND seek the following:

> 3. All documents relating to any alleged interference by Lombardo and/or DND with YANV's Customer Contracts.
>
> 4. All Customer Contracts that YANV contends Lombardo and/or DND wrongfully interfered with.
>
> 5. All documents relating to any alleged wrongful interference by Lombardo and/or DND with YANV's business expectancies.
>
> \* \* \*
>
> 7. All Confidential Information that YANV contends Lombardo and/or DND wrongfully utilized in soliciting YANV's customers to cease business with YANV or to send YANV less work.

These requests are related to Lombardo's and DND's alleged interference with YANV's business, including the purported use of YANV's confidential information. YA has asserted a tortious interference claim in its counterclaim/third party complaint, which, presumably, is based, at least in part, on evidence contained within documents responsive to these requests. YA argues that it produced several email chains showing former YA consultants who did not work for DND soliciting YA customers and maintains that it is "not withholding any other documents responsive to these requests." (Doc. No. 83 at 13). That said, to the extent that YA uncovers additional responsive documents to these specific requests during this ongoing discovery process, YA shall supplement its responses.

In Request for Production 2, Lombardo and DND seek "[a]ll annual and quarterly financial reports or statements of YANV, whether audited or not audited or prepared externally or internally, from February 7, 2013 to the present." They argue that, although YA states that it has provided every responsive financial document, including 1,029 pages of documents subpoenaed from YA's accountant, YA has not provided profit and loss statements for 2014, 2015 and 2018, or balance sheets as of December 31, 2015 and December 31, 2018. (Doc. No. 86 at 6). To the extent that these documents exist, YA shall produce them <u>on or before September 20, 2019</u>.

The next request for production at issue is the following:

> 6. All documents relating to any loss of income or revenue or other damages that YANV contends it suffered as a result of Lombardo and/or DND's wrongful interference with its Customer Contracts, potential referrals and business expectancies.

YA argues that this request seeks information that is not in its possession. YA represents, however, that, since discovery is ongoing, it expects to uncover evidence from which it can quantify the loss of business or the loss of a specific contract. (Doc. No. 14). According, to the

11

extent that YA has such information, or obtains such information in the discovery process, YA shall supplement its response to this request.

YA also objects to the following request by Lombardo and DND:

> 8. For any customer of YANV that it contends was wrongfully interfered with by Lombardo and/or DND, all reports, charts, graphs, memorandum and other documents showing the income of each such customer to YANV, whether on an annual, semi-annual, quarterly or monthly basis for the period February 7, 2013 to the present.

YA argues that this request seeks confidential and proprietary information. Although Lombardo and DND state that they can "limit the request to seeking . . . annual reports . . . from 2013 to 2018 and 2019 YTD[,]" YA claims that the request still seeks the "same overbroad time range." (Doc. No. 83 at 15). <u>On or before September 13, 2019</u>, Lombardo and DND shall amend this request to limit it both in scope, as the parties have discussed, and in time, tailoring it to the timeframe in which the solicitation claims occurred. YA shall produce its response to the amended request <u>on or before September 20, 2019</u>.

The next challenged request reads as follows:

> 12. All documents relating to any demands, claims, and litigation between YANV and any of its former past or present purported independent contractors from January 1, 2015 to the present relating to any non-competition, non-solicitation, or confidentiality obligations under their consultant agreements with YANV.

YA responds that it has complied with this request, as worded, by producing "this information over a year ago[.]" (Doc. No. 83 at 15). Moreover, although not included in this request, YA argues that Lombardo and DND are now seeking the settlement agreement between YA and a former independent contractor. (*Id.*). Lombardo and DND contend that this other action "expressly refers to Lombardo in the complaint." (Doc. No. 82, App'x B at 22). In the Court's view, Lombardo and DND have not satisfied their burden of demonstrating the relevance of this

agreement, particularly because it relates to a cause of action that is separate from the current action. *See Small v. Nobel Biocare USA, LLC*, 808 F. Supp. 2d 584, 587 (S.D.N.Y. 2011) ("Though district courts in this Circuit have in the past disagreed as to whether discovery of settlement agreements requires a heightened showing of relevance, the majority view is now that no such heightened showing is required."); *see also Rocky Aspen Mmgt 204 LLC v. Hanford Holdings LLC*, 16 Civ. 4270 (VM) (GWG), 2019 WL 3852234, at *2-3 (S.D.N.Y. Aug. 16, 2019) (applying the good cause standard of Rule 26(c) to govern a discovery dispute involving the disclosure of settlement discussions and settlement agreements).

Finally, YA challenges the following production request:

> 19. All documents concerning YANV's employment or consulting or independent contractor relationship with any of the children of Raymond and Linda Young from February 3, 2013 to April 30, 2017 relating to the terms of such employment and/or consulting or independent contractor relationship and any compensation paid by YANV to children of Raymond and Linda Young or any fringe benefits provided to them.

The Court agrees with YA that this request is repetitive of Request No. 23 in Lombardo's Complaint Discovery. Accordingly, the Court's concludes, as it has above, that YA's response suffices.

### E. INTERROGATORIES

Written discovery is subject to limits pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. A party may serve on any other party no more than 25 interrogatories, including all discrete subparts, unless the requesting party obtains leave to serve additional interrogatories. FED. R. CIV. P. 33(a)(1). In this case, in their 26(f) Report, filed on January 17, 2019, the parties agreed that Lombardo could serve up to 25 interrogatories on his claims and that Lombardo and DND could serve up to 25 additional interrogatories on YA's counterclaims/third party claims. (Doc. 62).

YA contends that the plaintiff has "abused the rules of discovery [by asking] for information within subparts that are logically or factually independent of the initial interrogatory." (Doc. No. 83 at 17). "A subpart is discrete and therefore regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory." *Thompson v. Lantz*, No. 3:04 CV 2084, 2009 WL 3157563, at * 1 (D. Conn. Sept. 25, 2009) (citing *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, No. 3:01 CV 2198 (PCD), 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003) (internal quotation marks omitted)). Though the plaintiff's interrogatories here may contain "a technical violation of Rule 33[,] . . . [g]iven the lack of clear guidelines in this area[,]" the Court will not disallow any of the plaintiff's interrogatories on numerosity grounds. *Neal v. Electric Boat Corp.*, Civ. No. 3:07 CV 700 (CFD), 2009 WL 10687910, at *3 (D. Conn. Feb. 3, 2009). The plaintiff, however, may not serve any further interrogatories without leave of the Court.

F. SANCTIONS

The plaintiff seeks an award of attorneys' fees in connection with bringing this Motion to Compel. In light of the substantial compliance, and the efforts made by the parties to resolve these issues on their own before filing this pending motion (*see* Doc. 82-2 & 84), this Court concludes that an award under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure is not warranted.[2]

III. CONCLUSION

Accordingly, Lombardo and DND's Motion to Compel (Doc. No. 82) is <u>granted in part and denied in part</u> consistent with this Ruling as follows:

(1) Lombardo's Discovery:

---

[2] To the extent the parties believe that settlement discussions could be productive, counsel is strongly encouraged to reach out to Chambers regarding scheduling a settlement conference, or to seek a referral to another Magistrate Judge for settlement.

on or before September 20, 2019, YA shall supplement its responses, or provide responses to Requests Nos: 1, 2, 9 and 22;

on or before September 20, 2019, YA shall supplement its response to Request No. 12, to the extent responsive documents exist; and

on or before September 20, 2019, YA shall clarify its response to Request No. 21, and the parties shall meet and confer with an eye towards resolving their dispute over the production of email assignments;

(2) Lombardo's and DND's Counterclaim Discovery:

to the extent additional documents responsive to Requests Nos. 3-5 & 7 are uncovered during the discovery process, YA shall supplement its discovery;

on or before September 20, 2019, to the extent they exist, YA shall product the remaining documents responsive to Request No. 2;

to the extent YA has additional responsive information, it shall supplement its responses to Request No. 6; and,

on or before September 13, 2019, the plaintiff shall amend Request No. 8, and on or before September 20, 2019, YA shall produce its responses.

Additionally, in light of the number of Interrogatories served to date, Lombardo may not serve additional Interrogatories without leave from the Court.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 6th day of September, 2019.

                                                /s/ Robert M. Spector, USMJ
                                             Robert M. Spector
                                             United States Magistrate Judge